UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARLETTA SAILES, on behalf of A.H.,[1] | CASE NO. 1:11CV518 |
| Plaintiff, | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF OF SOCIAL SECURITY, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

Carletta Sailes ("Plaintiff"), acting on behalf of A.H., a minor ("Claimant"), seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying Claimant's Supplemental Security Income ("SSI") claim. ECF Dkt. #1. Plaintiff asserts that the Administrate Law Judge ("ALJ") failed to properly evaluate Claimant's Attention Deficit Hyperactivity Disorder ("ADHD") and other evidence of record. ECF Dkt. #13. For the following reasons, the Court AFFIRMS the ALJ's decision and DISMISSES Plaintiff's complaint in its entirety with prejudice:

**I. PROCEDURAL HISTORY**

On January 6, 2006, Plaintiff, acting on behalf of Claimant, filed an application for child's SSI, alleging disability due to ADHD Tr. at 35, 46. The application was denied initially and on reconsideration. *Id*. at 32-43. Plaintiff filed a request for a hearing by an ALJ. *Id*. at 44.

On June 20, 2008, an ALJ conducted an administrative hearing, where Plaintiff and Claimant appeared and were represented by counsel. Tr. at 194. At the hearing, the ALJ received testimony from Claimant and Plaintiff. *Id*. at 196-221. On September 30, 2008, the ALJ issued a Notice of Decision - Unfavorable. Tr. at 15-24. On January 11, 2011, the Appeals Council denied Plaintiff's

---

[1] *See* L.R. 8.1(a)(2).

request for review. *Id*. at 3.

On March 14, 2011, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. On August 19, 2011, Plaintiff filed a brief on the merits. ECF Dkt. #13. On October 19, 2011, Defendant filed a brief on the merits. ECF Dkt. #17. On December 9, 2011, Plaintiff filed a reply brief. ECF Dkt. #20. On August 30, 2011, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #15.

## II. **STEPS TO DETERMINE WHETHER CHILD IS ENTITLED TO SSI**

In order to qualify for childhood SSI benefits, Claimant must show that he has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and that is expected to cause death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 416.906. An ALJ must proceed through the required sequential steps for evaluating entitlement to childhood SSI. 20 C.F.R. § 416.924(a). The three-step procedure requires the ALJ to determine whether a child:

> (1) is performing substantial gainful activity;
>
> (2) has a "severe" impairment or combination of impairments; and
>
> (3) whether the impairment or combination of impairments are of listing-level severity in that the impairment(s) either meets, medically equals or are the functional equivalent in severity to an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 ("Listing");

20 C.F.R. § 416.924(a)-(d). In order to *meet* a Listing, the child's impairment(s) must be substantiated by medical findings shown or described in the listing for that particular impairment. 20 C.F.R. § 416.925(d)(emphasis added). In order to *medically equal* a Listing, a child's impairment(s) must be substantiated by medical findings at least equal in severity and duration to those shown or described in the listing for that particular impairment. 20 C.F.R. § 416.926(a) (emphasis added). In order to *functionally equal* a Listing, the child's impairment(s) must be of listing-level severity; *i.e.*, it must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a)(emphasis added). The Commissioner assesses all relevant factors, including:

> (1) how well the child initiates and sustains activities, how much extra help he needs, and the effects of structured or supportive settings;
>
> (2) how the child functions in school; and
>
> (3) how the child is affected by his medications or other treatment.

20 C.F.R. § 416.926a(a)(1)- (3). Further, in considering whether a child's impairment functionally equals the Listings, the Commissioner begins by evaluating how a child functions on a daily basis and in all settings as compared to other children of the same age who do not have impairments. 20 C.F.R. § 416.926a(b). The Commissioner considers how a child's functioning is affected during his activities at home, school and in his community in terms of six domains:

> (i) acquiring and using information;
>
> (ii) attending and completing tasks;
>
> (iii) interacting and relating with others;
>
> (iv) moving about and manipulating objects;
>
> (v) caring for yourself; and,
>
> (vi) health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi).

### III.   STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable

mind would accept as adequate to support the challenged conclusion. *Id.*; *Walters,* 127 F.3d at 532. Substantiality is based upon the record taken as a whole. *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

### IV.   RELEVANT PORTIONS OF THE ALJ'S DECISION

In his September 30, 2008 decision, the ALJ found that Claimant was a school-age child at the time of the decision and was not engaged in substantial gainful activity. Tr. at 18. He found that Plaintiff had the severe impairment of ADHD. *Id.* He further found that Claimant's severe impairment, individually or in combination with other impairments, did not meet or medically equal any of those in the Listings. *Id.* The ALJ indicated that he gave particular consideration to Listing 112.00, et seq., the Listing for childhood mental disorders. *Id.*

The ALJ proceeded to determine that Claimant's impairments, individually or in combination, did not functionally equal the Listings. Tr. at 18. He reviewed the evidence which supported his conclusion. *Id*. at 18-24. Based upon his findings, the ALJ concluded that Claimant was not disabled and therefore not entitled to childhood SSI. *Id.* at 24.

### V.   ANALYSIS

Plaintiff asserts that the ALJ failed to adequately articulate his Step Three analysis when he found that Claimant's ADHD did not meet, equal or functionally equal a Listing. ECF Dkt. #13 at 10-12. Plaintiff further contends that the ALJ failed to consider all of the evidence in the record in making his Step Three determinations. *Id*. at 12-16.

In order to show that a child meets Listing 112.11 for ADHD, Plaintiff must present:

    A.    Medically documented findings of all three of the following:

        1.    Marked inattention; and

        2.    Marked impulsiveness; and

        3.    Marked hyperactivity.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 112.11(A). Once medical documentation of all three criteria in Part A of Listing 112.11 are met, Plaintiff must also show that Claimant, who was a school-aged child at the time of filing of his application for SSI and at the time of the ALJ's decision, had at least two of the following criteria in Listing 112.02B2:

>> a. Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age six, by appropriate tests of language and communication; or
>
>> b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
>
>> c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or
>
>> d. Marked difficulties in maintaining concentration, persistence, or pace.

Listing 112.02B2.

Plaintiff cites to 20 C.F.R. § 416.924(e), SSR 86-8 and *Reynolds v. Commissioner of Social Security,* 424 Fed. App'x 411, 416, 2011 WL 1228165, at **3-4 (6th Cir. Apr. 1, 2011), unpublished, as support for the proposition that the ALJ must provide clear reasons and support for his findings so that subsequent reviewers, such as this Court, can determine whether substantial evidence supports the ALJ's determination. ECF Dkt. #13 at 9-10. Defendant contends that the ALJ provided sufficient analysis in this case and did not elaborate further because the evidence itself was sparse and did not establish that Claimant's ADHD met, equaled or functionally equaled the Listings. ECF Dkt. #17 at 8. Defendant further posits that even if the ALJ's analysis in this case is lacking, harmless error applies and the *Reynolds* case cited by Plaintiff actually reinforces the application of a harmless error standard. *Id.* at 9-10.

The Court notes that the burden of proof at Step Three rests with the claimant. *Franklin ex rel. L.F. v. Comm'r of Soc. Sec.*, No. 4:10CV2215, 2012 WL 727799, at *1 (N.D. Ohio Feb. 16, 2012), citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). However, the ALJ must "nevertheless provide articulation of step three findings that will permit meaningful review of those findings." *Franklin*, citing *Bledsoe v. Barnhart*, 165 Fed. App'x 408, 411 (6th Cir. 2006) and *Hunter v. Comm'r of Soc. Sec.*, No. 1:09CV2790, 2011 WL 6440762, at *3-4 (N.D. Ohio Dec. 20, 2011). "As a rule, the ALJ must build an accurate and logical bridge between the evidence and his

conclusion." *Hernandez ex rel. L.A. v. Astrue*, No. 1:10CV1295, 2011 WL 4899960, at *6, citing *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-546 (6th Cir. 2004).

In the Step Three section of his decision finding that Claimant's ADHD did not meet or equal a Listing, the ALJ in the instant case merely stated that "[a]lthough the claimant has a severe impairment, the impairment does not meet or medically equal any of the Listed impairments in the Regulations; specifically not category 112.00 for the mental impairment of an attention deficit hyperactivity disorder." Tr. at 18. In his Step Three functional equivalence section, the ALJ separated each of the six domains, recited the legal support for the analysis that he must undertake for considering each domain, and then made the same conclusory statement following five of the six domains: "[t]hus and as previously discussed in this decision, the claimant has" less than marked limitation or no limitation in five of the six domains.: *Id.* at 20-24. As to the domain of "attending and completing tasks," the ALJ recited the pertinent law and factors to consider and then concluded, "[t]hus and as previously discussed in this decision, the claimant has marked limitation in attending and completing tasks." *Id.* at 21. No analysis is contained in this section either. Later in his decision, the ALJ stated: "[r]ecapitulating, I find that there is no objective evidence supporting a finding that the claimant's alleged impairment of an attention deficit hyperactivity disorder meet or medically equals a listing impairment in the Regulations." *Id.* at 24.

These conclusions alone are certainly insufficient. However, nestled between his conclusory statement regarding Claimant's ADHD not meeting or equaling a Listing and his conclusory statements as to Claimant's ADHD not functionally equaling a Listing, the ALJ did provide a six paragraph review of the evidence. The issue is whether this analysis constitutes sufficient articulation to permit the Court to meaningfully review his findings and to find them sufficient to constitute substantial evidence for his Step Three conclusions. The Court finds that it does.

The ALJ cited to the findings of Dr. Halas, who conducted an evaluation for the agency on April 25, 2006. Tr. at 20. Dr. Halas found that Claimant's overall presentation was within normal limits, he was neat and well-kempt, he had average to low-average intelligence, and no symptoms of a thought disorder or psychotic process. *Id.* at 123. Dr. Halas had found that Claimant had a

-6-

significant degree of restlessness and was assessed as impulsive, but not compulsive. *Id*. Dr. Halas further reported that Claimant was prone to fidgeting, was inattentive, and was up and down out of his seat, which were all consistent with an ADHD disorder. *Id*. at 124.  Dr. Halas diagnosed ADHD, but did not offer an opinion as to whether Claimant's ADHD caused marked limitations in order to meet, equal or functionally equal a Listing. *Id.* at 125.  Dr. Halas did indicate that Claimant was functioning at full age equivalency in his fine and gross motor skills, 3/4 of age equivalency in terms of intellectual capacity, 3/4 age equivalency in communication skills, and 2/3 age equivalency in social and emotional skills. *Id.*

The ALJ also relied upon the findings of Rebecca Hoover, a counselor at CrossRoads, who began seeing Claimant on November 23, 2005 and last saw him on March 22, 2006.  Tr. at 19.  Ms. Hoover reported that she was a community support provider who saw Claimant for thirty minutes twice a week at school and one hour per week in his home. *Id*. at 146.  Ms. Hoover noted that while Plaintiff had reported that Claimant was aggressive and refused to follow her directions, she had not seen Claimant be aggressive and Claimant followed instructions from authority. *Id*.  Ms. Hoover further opined that Claimant functioned as independently as normally expected for his age. *Id.*  She opined that he had moderate difficulty in comprehending instructions, but when he understood instructions, he followed them right away. *Id*.  She noted that Claimant "does display issues with time" as "he is very laid back and takes his time completing all tasks." *Id*. at 147.  She concluded that Claimant showed no problems in school with paying attention or concentrating, but displayed slight problems paying attention to directions at home. *Id.*  She found Claimant's personal hygiene to always be appropriate, he had no motor skill or communication problems, and he was not harder to understand than other children his age. *Id.*  Ms. Hoover commented that Claimant's communication at school was limited, but was normal for his age when he was at home. *Id.*  She indicated that Claimant was slightly improving at school and socially. *Id*. at 149.

The ALJ noted that CrossRoads terminated its services to Claimant on December 6, 2006 because he did not return and Claimant's family did not respond to verbal and written attempts to reach them following his last service on August 6, 2006.  Tr. at 150-152.  The discharge summary indicated that Claimant was beginning to work on his goals and was becoming more motivated with

incentives. *Id*. at 151.

In addition, the ALJ relied upon the teacher questionnaire responses of Lisa Spisak, Claimant's second grade teacher at Painesville City Local Schools. Tr. at 19. Ms. Spisak indicated that she had known Claimant from September 2005 through the date that she completed the questionnaire, March 16, 2006. *Id*. at 113. She found that Claimant had slight problems in acquiring and using information, slight problems in interacting and relating with others, no problems in moving about and manipulating objects, and no problems in caring for himself. *Id*. at 114, 116-118. In the domain of attending and completing tasks, Ms. Spisak reported that Claimant had no problems paying attention when spoken to directly, sustaining attention during play or sports, carrying out single-step instructions, waiting to take turns, changing from one activity to another without disruption, completing work accurately without careless mistakes, or in working without distracting himself or others. *Id*. at 115. However, Ms. Spisak noted that Claimant had an obvious problem focusing long enough to finish an assigned activity or task, and organizing his things or school materials. *Id*. Ms. Spisak also reported that Claimant had a very serious problem completing class/homework assignments and working at a reasonable pace/finishing on time." *Id*. She indicated that Claimant "is very unmotivated to do his classwork. He rarely finishes an assignment, but is able to do it independently." *Id.* Ms. Spisak also reported that Claimant "is not a behavior problem. His problems have been with completing work. When working one on one, he can do tasks." *Id*. at 116.

Based upon his recitation of this evidence, the Court finds that the ALJ built an accurate and logical bridge between the evidence and his conclusions that Claimant's ADHD did not meet or equal Listing 112.11 or functionally equal the Listing. The ALJ correctly found that documentation supported a finding that Claimant had marked limitation in inattentiveness based upon Ms. Spisak's findings, although Ms. Hoover found that Claimant had no such limitations at school and only slight limitations at home. Tr. at 146. However, no evidence in the record shows that Claimant had marked impulsiveness and marked hyperactivity, the other two requirements for meeting part A of Listing 112.11. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 112.11. Moreover, the reports of both Ms. Hoover and Ms. Spisak as cited by the ALJ provide sufficient explanation and substantial

-8-

evidence to support the ALJ's findings that Claimant did not functionally equal Listing 112.11 because he had less than marked limitations or limitations in each of the domains and only a marked limitation in the domain of attending and completing tasks. Neither of these sources, nor any of the other sources besides Plaintiff, found that Claimant had marked limitations in any of the domains except for Ms. Spisak's finding that while Claimant was not a behavioral problem, he had problems attending to and completing tasks on time. The ALJ accommodated this finding by determining that Claimant had marked limitations in attending and completing tasks. Tr. at 19.

The Court finds that the ALJ's Step Three determination is by no means thorough and should have been much more analytical, even though the record evidence is sparse. However, the ALJ's decision at Step Three does meet the basic requirements of articulation and is supported by substantial evidence. Accordingly, the Court finds no merit to Plaintiff's assertion of Step Three articulation errors by the ALJ.

Plaintiff also complains that the ALJ failed to consider all of the evidence of record in finding that Claimant did not functionally equal Listing 112.11 because the evidence shows that Claimant has marked limitations in acquiring and using information, interacting and relating with others, caring for himself, and in the domain of health and physical well-being. ECF Dkt. #13 at 13. Plaintiff contends that the ALJ failed to comply with Social Security Ruling 09-1p ("SSR 09-1p), which requires the ALJ to consider the "whole child" in evaluating a child social security case in determining functional equivalence. *Id*. at 14. SSR 09-1p sets forth the "whole child" approach and requires the ALJ to consider certain outlined questions in determining whether a child's impairments functionally equal a Listing. SSR 09-1p. Importantly, SSR 09-01p also states:

> However, we do not require our adjudicators to discuss all of the considerations in the sections below in their determinations and decisions, only to provide sufficient detail so that any subsequent reviewers can understand how they made their findings.

Plaintiff points to evidence in the record showing that Claimant had poor and failing grades and needed academic intervention in order to show that he had marked limitations in acquiring and using information. *Id*., citing Tr. at 79, 128-130. While evidence of poor grades and intervention exist in the record, the teacher's comment accompanying the progress report showing poor grades indicated that the grades are a result of Claimant's lack of concentration and attention, and not due

-9-

to a lack of ability to acquire the information.  Tr. at 78 (Claimant "has ability, but is not applying himself.  He comes to class unprepared to work...[Claimant] lets his attention wander instead of concentrating on his work...[w]e're sure he could do a better job if he would use his time more efficiently.").  The other teacher's report that Plaintiff cites to in order to support a marked limitation in acquiring and using information is the findings of Ms. Spisak, who indicated that Claimant needed further intervention in a number of skills.  ECF Dkt. #13 at 13, citing Tr. at 128-130.  However, in her teacher questionnaire which was completed near this same time period, Ms. Spisak indicated that Claimant had only slight limitations in some of the acquiring and using information categories and no limitations in the majority of them.  Tr. at 114.  In explaining Claimant's problems in this domain, Ms. Spisak wrote that Claimant was reading at grade level but his writing was "inhibited because of lack of confidence in spelling."  *Id.*  This evidence does not support a finding of a marked limitation in this area and the evidence cited by the ALJ from Ms. Hoover and Ms. Spisak actually provide substantial evidence to support the ALJ's determination that Claimant was less than markedly limited in this domain.  Even if the evidence cited by Claimant resulted in a finding that Claimant did have a marked limitation in this domain, the ALJ's decision "must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion."  *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

Plaintiff also cites to documentation which she believes shows that Claimant has marked limitations in interacting and relating with others.  ECF Dkt. #13 at 13.  She cites to Claimant's suspension from school for fighting, his being provoked by other students, his refusal to talk, his suffering of anxiety, depression, anger, taking time to open up with new people, intentionally provoking his siblings, inability to explain his negative behaviors, and his response to stress and failure by pouting, crying, and shutting down.  *Id.*, citing Tr. at 46, 48, 80, 103-105, 108-109, 125, 144, 146, 159, 161, 168, 171, 212, 213, 217, 219, 220.  Again, however, the standard of review is whether substantial evidence supports the ALJ's determination that Claimant was less than markedly limited in interacting and relating with others. It does.  Again, based upon the reports of Ms. Hoover and Ms. Spisak, substantial evidence supports the ALJ's finding that Claimant was less than

markedly limited in this domain. Ms. Hoover had reported that Claimant was shy upon being introduced to a peer, but he was able "to find a common denominator. [Claimant] relates well with peers his age and maintains positive friendships." Tr. at 146. She also found that Claimant was able to work in groups with his peers and peers picked him to be part of their groups. *Id.* Ms. Spisak found that Claimant had no problems in ten of the thirteen activities in this domain, and only slight problems in the other three of the activities. *Id.* at 116.

As to marked limitations in caring for himself and health and physical well-being, Plaintiff cites to her report and that of Claimant's aunt that Claimant caused fires in two locations of the house while playing with matches, Claimant tried to strangle himself, and he failed to eat or complete hygienic activities. ECF Dkt. #13 at 13-14, citing Tr. at 48, 125, 217, 220. Plaintiff had indicated in her disability report for Claimant and in her testimony before the ALJ that Claimant had set her bedroom closet on fire and set a burning towel under his bed. Tr. at 220. She also indicated that she has to monitor Claimant so that he will eat, take a bath and brush his teeth or he will not complete these activities. *Id.* at 218. Again, while these activities cause concern, they do not translate into a finding that Claimant's ADHD functionally equals a marked limitation in caring for himself or in his overall health and physical well-being. No evidence beyond the reports of Plaintiff and Claimant's aunt supports the argument that Claimant is so markedly limited. The ALJ did consider the reports of Plaintiff and cited to her report in his decision. *Id.* at 19. However, he indicated that he placed more credibility on the report of Ms. Hoover, the counselor, who always found Claimant's appearance appropriate and that his hygiene was not an issue. *Id.* at 19. Ms. Hoover opined that Claimant functioned as independently as normally expected for his age, he had no motor skill or communication problems, and he was not harder to understand than other children his age. *Id.* Ms. Hoover commented that Claimant's communication at school was limited, but was normal for his age when he was at home. *Id.* She also indicated that Claimant was slightly improving at school and socially. *Id.* at 149. Dr. Halas had also found Claimant reasonably neat and well-kempt with normal dress and grooming. *Id.* at 123, 147. Moreover, while Claimant's playing with matches is a concern, Plaintiff asserts in her brief on the merits that this shows a marked limitation in caring for self and health and physical well-being, but states in her reply brief

-11-

that this has a significant bearing on Claimant's social functioning since he failed to report the fire or help his family when asked about the fire while it was happening. *See* ECF Dkt. #13 at 13 and ECF Dkt. #20 at 4. Again, however, Ms. Hoover and Dr. Halas did not find that Claimant had marked limitations in social functioning, caring for himself or in his health and physical well-being. Moreover, the fact that counseling was discontinued for Claimant and no response was made to CrossRoads' attempts to continue Claimant's counseling belies Plaintiff's reports that these issues significantly limited Claimant's abilities.

Finally, Plaintiff asserts that the ALJ failed to consider the third-party report completed by Claimant's aunt. Tr. at 68. The ALJ did not mention this report. While he should have addressed this report in his decision, the ALJ's failure to directly address this evidence does not require remand. *See Cadle v. Astrue,* No. 5:10CV190, 2011 WL 3289787, at *4 (N.D. Ohio July 29, 2011)(while ALJ analysis should have directly addressed third-party questionnaires, it did not require remand), citing *Patrick v. Astrue*, No. 07–161–JBC, 2008 WL 3914921 (E.D.Ky. Aug.19, 2008) (finding that remand was not warranted due to the ALJ's failure to directly address the third party statements in his written decision). In addition, the ALJ's failure to address the report is not reversible error since he did provide an adequate discussion of the lack of objective evidence supporting the determination that Claimant's ADHD met, equaled or functionally equaled Listing 112.11. *Pasco v. Comm'r of Soc. Sec.*, 137 Fed. App'x 828, 842, 2005 WL 1506343, at **11 (6th Cir. 2005), unpublished (ALJ did not commit reversible error in failing to specifically mention letter from claimant's mother since he discussed the lack of objective evidence supporting the claimed physical limitations at length).

### VI. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the ALJ's decision and DISMISSES Plaintiff's complaint in its entirety with prejudice.

IT IS SO ORDERED.

DATE: March 28, 2012                        */s/George J. Limbert*
                                                                            GEORGE J. LIMBERT
                                                                            UNITED STATES MAGISTRATE JUDGE